† WILBUR, *prochien ami, Pet'r for Review,* versus DYER.

In petitions for partition a review may be granted by law, whenever the Court deem it reasonable and for the advancement of justice.

Where, in such process after final judgment, it was discovered that the commissioners had made a mistake in their division; it was held to be reasonable and for the advancement of justice, that a review should be granted.

THIS was a petition for a review, before HOWARD, J. In the process sought to be reviewed the respondent was a petitioner for partition of certain real estate owned in common by him and the parties represented by petitioner for review.

After due proceedings had, the interlocutory judgment was entered, commissioners appointed, and a division made by metes and bounds, and their return accepted and final judgment entered.

The petitioner for review offered to prove by the commissioners, that they determined to divide a certain parcel

into two equal parts, and to set out one half to the present respondent and the other half to the heirs represented by the petitioner, and supposed they had so done; that owing to the irregular shape of the land and an error in calculation, occasioned by taking an improper base line, the lots in fact were not equal, but the part set out to present respondent exceeded the other by 1860 square feet; that the error was not discovered until after the acceptance of the report.

But the presiding Judge intimated, that the evidence was inadmissible, and that question was submitted to the full Court.

If the evidence is admissible and presents a good cause for a new trial, the cause is to be heard; otherwise the petition to be dismissed.

*Deblois & Jackson*, and *S. & D. W. Fessenden*, for defendant, cited *Sturdivant* v. *Greely*, 4 Maine, 534; *Elwell* v. *Sylvester*, 17 Maine, 536.

*Shepley & Dana*, for plaintiff, cited R. S., c. 123, § 1; *Haskell* v. *Beckett*, 3 Maine, 92.

The authority relied upon by the other side was one based upon the statute of 1821, § 2, and had been overcome by the provision of R. S., cited.

TENNEY, J. — If the facts offered to be shown should be established, and the Court have no power to grant the review, the party who made the offer is not prejudiced by the exclusion of the evidence, but must abide the loss arising from the mistake of the commissioners. If on the other hand the review prayed for may be legally granted upon proof of the facts offered, and they should be deemed a good cause for a new trial, the matter is to be heard.

Reviews may be granted in all civil actions, including petitions for partition, whenever the Court shall deem it reasonable, and for the advancement of justice, without being limited to particular cases. R. S., c. 123, § 1. The statute of 1821, c. 57, § 2, contained a similar provision; and the case of *Sturdivant* v. *Greeley & als.*, 4 Greenl. 534, which

was decided and the review denied when that statute was in force, is relied upon by the present respondent as conclusive in the question before us. In that case, as in this, the ground for the application for a review, was for errors in the doings of the committee, appointed to make the division; and those errors were not discovered, till after the acceptance of the report and judgment thereon. On that petition for partition however, the interlocutory judgment for the division was entered upon a hearing by the Court of a question of law arising on a demurrer to the petition, which was an admission by the respondent in that process, of all material facts alleged therein. A review was refused, on the ground that upon the trial of the review the case is entirely opened; and " each party shall have the liberty to offer any further evidence, and the whole cause shall be tried in the same manner as if no judgment had been given thereon." Statute of 1821, c. 57, § 4. The trial referred to in the quotation just made, is manifestly one of fact, and not of law. And it was further held by the Court in that case, that when the facts had been admitted by the respondent in the process for partition, as alleged, in a demurrer, that there was no power in the Court under the statute, to deprive the petitioner of the benefit of this admission, and the law deliberately settled thereon, which a review by a full opening of the whole case, upon a plea to the country, or a rehearing of the question of law raised by the demurrer would do, when no suggestion was made that the facts were not truly admitted, and the law upon those facts correctly decided. The Court ask, " who can inform us, how on review, the whole of such a cause can again be tried ? Law and facts are intermixed; and yet not one of those facts is tenable by a jury. Again, can we grant a review of one third, or one half of a cause, and leave the residue undisturbed ? This would be a judicial novelty."

Under the statute of 1821, and the pleadings of that case, we think the views taken by the Court were correct.

The Court were more restricted by that statute, than by the one now in force on the subject of reviews. No power was given by the former to change the pleadings, if they had once been made, on the review. But in the latter, "the Court may allow amendments in any of the pleadings as they might have done in the original action, or they may admit additional issues or brief statements." § 6.

This case is materially unlike the one cited by the defendant. It is to be understood, from the petition for review, that there was no denial that the land was owned and occupied in the proportions alleged in the petition for partition, but no expression admissive of those facts was made. Consequently on a review, no such "judicial novelty" would be presented, as in the case cited. If there were pleadings on the original petition, they were those presenting an issue to the country, upon which issue the parties could introduce their evidence as at the former trial. If the cause was disposed of by default, or without any issue joined, the proper pleadings could be made on the trial of the review, and the cause be tried thereon. § 7. Here is given the full authority on a review of a case like the present, to introduce all the evidence, in the same manner that it could have been done in the trial of the original action; and the petitioner for review has agreed to no facts, which should restrict him in presenting his whole case.

2. We are next to see, whether the evidence offered by the present petitioner, if true, presented a good cause for a new trial. The commissioners supposed they made an equal division of the land according to their intention. But the land being of an irregular shape, they adopted an erroneous principle of calculation, by taking an improper base line; and it was found after the acceptance of their report, that they had given the present respondent a considerable quantity of land more than was assigned to the other party. The land, we suppose was valuable, and in the small parcel divided, this excess given to the one party more than to the other was too important to be disregarded.

The commissioners were appointed by the Court, as competent to discharge the duties devolving upon them, and may be presumed entitled to the confidence of the parties, as having the requisite scientific skill. It would not have been expected, that every act and calculation of the commissioners would have been inspected by the parties, or some one whom they might employ for such a purpose; but it is reasonable to suppose, they could well trust something to those persons, without being chargeable with negligence themselves.

The Court having the power to grant a review in this case, and it not being perceived that the present respondent can be injured by any exposure to a less favorable interlocutory judgment, it is thought, as the only mode in which the error can be corrected, that the prayer of the petition should be granted, as being reasonable and for the advancement of justice. *Review granted.*