## Richmond.

FORE v. FOSTER.

MAY 2d, 1889.

Absent, Richardson, J.

1. EQUITABLE JURISDICTION AND RELIEF—*Mistakes—Statute of limitations— Laches.*—Chancery courts have jurisdiction to correct mistakes, whether occurring in the course of legal proceedings or elsewhere; and though the statute of limitations is as much a bar in equity as at law to demands whereof the two have concurrent jurisdiction, yet to mere equitable demands the statute cannot be set up as an absolute bar, except in cases of *laches* or of acquiescence for such length of time as evidences that the demands had been adjusted.

2. CHANCERY PRACTICE—*Parties.*—Persons who have had, but who have aliened their interests in the matter in litigation and received the price, need not be made parties.

Appeal from decree of circuit court of Halifax county, rendered April 17, 1888, in a suit in chancery wherein W. H. Fore was complainant and N. T. Green, administrator c. t. a. of P. H. Foster, deceased, and his devisees, were defendants. The circuit court sustained the defendant's demurrer to the bill and dismissed it, and the complainant appealed. Opinion states the case.

*Wood Bouldin, Jr.*, and *John W. Reiley*, for the appellants.

*Henry Edmunds* and *W. W. Henry*, for the appellees.

LACY, J., delivered the opinion of the court.

Patrick H. Foster and Martha H. Foster were joint and equal owners of a tract of land in Halifax county, containing fifteen hundred and ten acres and one quarter of an acre. In 1873 Martha H. Foster died intestate and without issue, and a suit was instituted by her heirs-at-law against the said Patrick H. Foster, who was her surviving husband, for partition of the said land. The land was divided by commissioners into two equal parts, each containing, as alleged, 755 acres, and assigned one part to Patrick H. Foster, and the other to the heirs of Martha H. Foster, deceased. At the April term, 1877, by decree in the cause, this division of the land was confirmed, and a sale ordered of the parcel allotted to the said heirs of Martha H. Foster, the lands being surveyed and divided as stated by the county surveyor. The sale was made accordingly, and the appellant became the purchaser at the price of $8 10 per acre, and he fully paid for the same and received a deed by the court's decree on the 7th day of July, 1880.

In 1881 Patrick H. Foster died, and by proceedings under his will the land which had fallen to him was divided, and four hundred acres allotted to a devisee under his will, and the residue being surveyed, amounted to five hundred and twenty-five acres and 43-100, by which it appeared in 1886 that the piece of land allotted to the said Patrick H. Foster contained two hundred and ten acres more than by first survey it was supposed to contain; and Fore then caused his land to be surveyed, and it was found to contain five hundred and forty-three acres instead of seven hundred and fifty-five. Fore then filed his bill against the devisees, legatees, and personal representatives of Patrick H. Foster, deceased, for the correction of the said mistake, his land having fallen short two hundred and twelve acres by a mistake of the surveyor, and the other parcel containing by like mistake the said deficiency in excess of the just rights of the said Patrick H. Foster. The defendants demurred to the bill, and the court sustained the demurrer, whereupon the plaintiff appealed to this court.

The decision of the circuit court is rested upon the ground that the bill of the plaintiff in this case was in the nature of a bill of review, and seven years having elapsed since the final decree was made whereby the error was committed, the said bill of review came too late and was barred by the statute of limitations.

The bill in this case is an original bill to correct a mistake of fact, and falls within the general rule that an act done or contract made under a mistake or ignorance of a material fact, is voidable and relievable in equity, and this rule applies not only to cases where there has been a studied suppression or concealment of facts by the other side, which would amount to a fraud, but also to many cases of innocent ignorance and mistake on both sides, and it is a material mistake, involving a large sum of money, or a large tract of land as it may be regarded.

That equity is not lacking in jurisdiction to relieve in such a case is not controverted here, but it is admitted on every hand that the mistake set forth above was one properly relievable in a court of equity, but it is claimed that as this is a bill in the nature of a bill of review, that the statute of limitations provided by law as to bills of review will apply as to this. But this view does not appear to be sustained by reason nor authority. If discovered in time, the evidence which disclosed the error, being newly discovered, would have been ground for a bill of review.

But it is also true that the mistake is relievable upon the ground above stated as matter of original equity jurisdiction, and as such this suit is brought. And as to the statute of limitations, in equity it is considered as much a bar as in a court of law to a demand for the recovery of which the jurisdictions of the two courts are concurrent. For, as is said, it would be absurd that for the same subject there should be different and conflicting rules in the two tribunals. But as it respects mere equitable demands, length of time cannot be set up as an absolute bar; for, in relation to them, length of time operates as a

bar, not *ex jure,* but as a fact showing acquiescence and furnishing evidence that the claim has been adjusted. Equity always refuses its aid to stale demands when the party has slept upon his rights and the other party may have lost his evidence. Nothing can call that court into activity but conscience, good faith, and reasonable diligence. Where these are wanting it is passive. *Laches* and neglect is always discouraged, and it has always since the establishment of its jurisdiction had its limitation to suits, recognizing the statute of limitations in its application to cases of a legal character, and according great weight to length of time in those which are merely equitable.

In this case no neglect nor any degree of what can be termed *laches* appears. The bill was filed shortly after the mistake was discovered, within the year, and it could not be reasonably considered that it ought to have been filed before it was discovered. There are cases where the delay might be such as to cause a court of equity to refuse relief under well-understood principles; but there has been no such delay here, and that the error or mistake was one made in the course of legal proceedings does not alter the principles above stated as to the equitable jurisdiction. That court will interfere in cases of mistakes in judgments and other matters of record injurious to the rights of the parties. Sto. Eq. Jur., § 166; Jeremy on Eq. Jur., B. 3, P't 2, ch. 4, § 5, 492; *Barnesley* v. *Powell,* 1 Ves., 119, 284, 289; Pomeroy's Eq. J., 2 Vol., 349; Barton's Ch. Pr., 1 Vol., 270; *Anderson* v. *Woodford,* 8 Leigh, 316. Authorities might be multiplied, but it is deemed unnecessary; the subject is familiar and the authorities are numerous.

It is urged as farther ground for demurrer, that the bill is defective for want of proper and necessary parties, because the heirs-at-law of Martha H. Foster are not made parties. But it is clear from the foregoing statement of the case that no relief could be properly decreed against them; they parted with all of their land and received the purchase money for the same upon principles and agreements not sought to be disturbed by

this suit, and which cannot be changed upon any just princi-
ple.    They have received only what they are entitled to.

The parties against whom relief is asked, and against whom
only relief can be .asked, and against whom only it can be
granted properly, are made parties, and they are the only
proper parties.    They have received, according to the state-
ments of the bill, which are here admitted, two hundred and
ten acres of land for which the appellant has paid, and which
he purchased at $8 10 per acre, but which by mistake went to
them or him under whom they claim, and which has now come
to them, and, this being so, it is a just and proper ground for
equitable relief, and the demurrer should have been overruled
by the circuit court of Halifax county.

The decree of the said court sustaining the demurrer was
erroneous, and must be reversed and annulled.

DECREE REVERSED.