## Richmond.

### JEFFERSON & OTHERS v. GREGORY & OTHERS.

#### January 18, 1912.

1. EQUITY—*Mistake in Judgments—Correction.*—Relief from mistakes in judgments, decrees, or other court proceedings may, in an otherwise proper case, be had, if the mistake is not judicial, but one of fact.

2. EQUITY—*Mistake by Another Court—Correction.*—There is no valid objection to proceeding by an original bill to obtain relief from a mistake of fact in a court (having jurisdiction of the parties and subject matter) other than that in which the mistake was made, when it cannot be corrected in that cause, since such mistake is not corrected by reviewing the judgment or decree of that court, but by restraining the parties who may take advantage of it from doing so, or by compelling them to execute proper papers for the purpose of correcting it.

3. EQUITY—*Cloud on Title—Incidental Relief.*—The fact that a bill praying relief from a mistake of fact also prays to have the cloud upon complainant's title removed does not render the bill demurrable, even though it is not distinctly charged in the bill that the complainants were in possession of the land in controversy when the suit was brought. While the general rule is that the holder of the legal title to land cannot maintain a bill to remove a cloud from his title unless he is in possession, this rule does not, and ought not to, apply where the primary relief is sought upon another and well-established ground of equity jurisdiction, and the removal of the cloud is sought only as an incident to that relief.

4. EQUITY—*Mistake of Fact—Correction—Evidence.*—Where a bill is filed to correct a mistake of fact in a judgment or decree, the mistake must be clearly and satisfactorily proved. In the case in judgment the evidence is of this character.

5. WITNESSES—*Survivor of a Transaction—Agents.*—Where a contract for the sale of real estate has been negotiated between a commissioner of the court on the one side and an agent for the purchaser on the other, such agent is in no sense one of the "original parties" to the contract, and is a competent witness to testify on behalf of the purchaser, notwithstanding the death of the commissioner, if there is no other reason for excluding him. Where such witness is not a party to the suit, and had no interest in the subject of controversy when he testified, he is clearly competent.

Appeal from a decree of the Circuit Court of Amelia county. Decree for the defendant.   Complainants appeal.

*Reversed.*

The opinion states the case.

*McGuire, Riely & Bryan* and *J. G. Jefferson, Jr.,* for the appellants.

*R. G. Southall,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

This is an appeal from a decree dismissing a bill filed by the appellants in the Circuit Court of Amelia county, to correct a mistake in a deed and a plat as to the dimensions of a small parcel of land or town lot lying in Amelia county, sold under decrees entered in the consolidated causes of the Union Bank of Richmond, &c., against John B. Harvie, and the same plaintiff against Lewis E. Harvie, &c., pending in the Chancery Court of the city of Richmond, to restrain the appellees from interfering with the appellant's possession of the said lot, and to quiet their title.

The circuit court dismissed the bill upon the ground, as stated in its decree, that the appellants had failed to establish the case alleged.   But if the action of the court can be sustained upon that, or either of the other grounds relied on by the appellees—viz., that the court was without jurisdiction, or that the bill did not state a case entitling the appellants to the relief sought—the decree appealed from must be affirmed.

Upon the case made, the circuit court had jurisdiction.   The land as to which the alleged mistake was made lies in Amelia county, and the appellees are residents thereof.   It appears that at the time (1908) the alleged mistake was discovered the consolidated causes in which the sale of the land was made had been stricken from the docket, and that it was then too late to apply for relief in those causes.

It is well settled in this State, and in many if not most jurisdictions, that relief from mistakes in judgments, decrees, or other court proceedings, may, in an otherwise proper case, be had if the

mistake is not judicial, but one of fact.   *Anderson* v. *Woodford, &c.,* 8 Leigh (35 Va.) 316, 328–'9; *Rust* v. *Ware,* 6 Gratt. (47 Va.) 50, 52 Am. Dec. 100; *Byrne and Wife* v. *Edmonds,* 23 Gratt. (64 Va.) 200; *Fore* v. *Foster,* 86 Va. 104, 9 S. E. 497; *Eppes* v. *Williams,* 89 Va. 794, 17 S. E. 235; *Prince's Admr.* v. *McLemore,* 108 Va. 269, 61 S. E. 802.

There is no valid objection to proceeding by original bill to obtain relief from such a mistake in a court (having jurisdiction of the parties and the subject matter) other than that in which the mistake was made, when it cannot be corrected in that cause, since such mistake is not corrected by reviewing the judgment or decree of that court, but by restraining the parties who may take advantage of it from doing so, or by compelling them to execute proper papers for the purpose of correcting it.   *Barnesley* v. *Powell,* 1 Ves., Sr., 284; *Byrne* v. *Edmonds, supra; Loss* v. *Obrey,* 22 N. J. Eq. 52.

The court also properly overruled the demurrer to the bill. Its allegations are sufficient, if proved, to entitle the appellants to relief from the alleged mistake.   The fact that the bill also prays to have the cloud upon the appellant's title removed does not render it demurrable, even if it be conceded, as counsel of the appellees insists, that it is not distinctly charged in the bill that the appellants were in possession of the land in controversy when the suit was brought.   While the general rule is that the holder of the legal title to land cannot maintain a bill to remove a cloud from his title unless he is in possession (*Otey* v. *Stuart,* 91 Va. 714, 22 S. E. 513; *Austin* v. *Minor,* 107 Va. 101, 57 S. E. 609), this rule does not, and ought not to, apply where the primary relief sought is upon another and well-established ground of equity jurisdiction, and the removal of the cloud is sought only as an incident to that relief.   See *Booth, &c.* v. *Wiley,* 102 Ill. 84, 113–'14; *Swick* v. *Rease,* 62 W. Va. 557, 59 S. E. 510, 511; *Shipman* v. *Furnes,* 69 Ala. 555, 44 Am. Rep. 528, 531.

The next question to be considered is whether or not the mistake alleged has been clearly proved, as it is conceded and well settled it must be in cases of this character.

It appears that at the suit of his creditors the lands of the estate of Lewis E. Harvie, deceased, including those situated in

Amelia county, were, by decrees entered in the said consolidated causes pending in the Chancery Court of the city of Richmond, ordered to be sold. The two special commissioners directed to make the sale reported that, after due advertising, they had offered the several parcels of land in that county for sale at public outcry, and, having failed thus to sell all of the lands, they had made sales privately of certain portions of them not sold at public auction. Among the private sales, they reported that they had sold lot No. 1 (the lot in controversy in this case), containing "about one-fourth of an acre," to George C. Jefferson, and lot No. 2 (which adjoins), containing "one acre," to J. B. Bland. These lots are described as lots Nos. 1 and 2, as shown on the plat of land at Chula depot, which was made by the surveyor of the county at the instance of the commissioners to sell. The commissioners stated that they regarded the sales reported (public and private) as good ones, and recommended their confirmation. They were confirmed, and subsequently conveyances were made to Jefferson and Bland for the said lots, respectively, in which they were described as lots Nos. 1 and 2, as shown by the plat of the lands situated at Chula depot. Immediately after his purchase Jefferson, or his agents, took possession of the land sold and conveyed to him as lot No. 1, to the full extent of its boundaries, as now claimed by the appellants.

There are located upon lot No. 1, as taken possession of and claimed by Jefferson, a store-house and shop. The lot contains about one-fourth of an acre, as described in the report of sale and the deed of the commissioner. By recent survey, made in accordance with the calls in the plat referred to in the report of sale and the commissioners' deed, the shop is not within the boundaries of the lot, and it contains only about one-sixth of an acre. To correct this alleged mistake this suit was instituted.

The facts relied on by the appellants to show the mistake, briefly stated, are as follows: W. C. Harvie, who represented Jefferson in his negotiations with Haskins, one of the special commissioners, for the purchase of the said property, testifies that said negotiations were solely between him, as the agent of Jefferson, and Haskins, special commissioner of sale; that both of them were familiar with the property purchased by Jefferson;

that the land negotiated for and purchased by him for Jefferson had located upon it the said shop as well as the store-house; that the object of the purchase was to conduct a business on the land, for which the use of both buildings were necessary; that the purchase was not by a plat, but that the plat was subsequently made, and that he never saw it until this controversy arose; that after the purchase the witness was present when Mr. Childress, the surveyor who made the plat of the lands at Chula depot, surveyed the land purchased by him, and that he ran the lines and fixed its boundaries as they are now claimed and held by the appellants; that, immediately after his purchase, Jefferson took possession of the whole premises, including the shop, and that he and those who claim under him have since held continuous and exclusive possession of the same until just before this suit was instituted.

The competency of this witness to testify as to what passed between him and Haskins, special commissioner, in negotiating the purchase and sale of the property, is objected to by the appellees, upon the ground that Haskins was dead, and the witness was not only a party to the original transaction, by reason of his conducting the negotiations as the agent of Jefferson, but was also deeply interested in the purchase of the property.

It clearly appears that in negotiating the purchase for Jefferson the witness was merely his agent, and in no legal sense one of the "original parties" to the contract. The witness is not a party to this suit, and, if he ever had any pecuniary interest in the purchase, it is clear that he had no such interest in it or in this controversy when he testified. He was clearly a competent witness. *Goodell's Ex'ors* v. *Gibbons*, 91 Va. 608, 610, 22 S. E. 504; *Mutual Life Ins. Co.* v. *Oliver*, 95 Va. 445, 448, 28 S. E. 594, and cases cited; *Reynolds* v. *Calloway*, 31 Gratt. (72 Va.) 439–'40; *Moorman* v. *Arthur*, 90 Va. 455, 18 S. E. 869.

It is proved, beyond a reasonable doubt, that when the county surveyor, Childress, laid off or surveyed the lots at Chula depot, the boundary lines of lot No. 1 included the land upon which the said shop is situated, and that its boundaries were run and staked off as claimed by the appellants. There were three persons present at that time besides the surveyor, and all three of them so testify positively, and the surveyor does not recollect whether or

not the shop was on the lot as surveyed by him.   One of those witnesses is Bland, the purchaser of lot No. 2.   He testifies that he was present at said survey; that, as the lots were surveyed, the shop was on the Jefferson lot, and not on his lot No. 2, which adjoins it; that after his purchase he built a fence around his property, between Jefferson and himself, except.back of the old shop, which had double doors; that he built his fence by the surveyor's stakes, and that this line was recognized as the true line between him and Jefferson; that he never claimed the shop, and that he leased it from Jefferson during a portion of the time he was the owner of lot No. 2.

It further clearly appears that Jefferson repaired the shop, had both it and the store-house insured, leased the shop to different persons, and that no one, during a period of nearly nineteen years, ever questioned his ownership of the shop and the land upon which it is built, except appellee Gregory, and the evidence is overwhelming that he did not make any adverse claim to it until just before the institution of this suit, when it was first ascertained, by a survey made preparatory to a sale of the property by the appellants, that the description of the lot as contained in the plat of the Chula depot lands and in the deed from Haskins, commissioner, to Jefferson, was not a correct description of the lot as actually run by the surveyor making the survey and plat, and as occupied and held by Jefferson and those who claim under him.

It further clearly appears that lots Nos. 1 and 2, as thus actually surveyed and held, contain almost the exact area which they are described as containing in the report of sale and conveyances to the original purchasers, while, according to the said plat of the Chula lands, lot No. 1 contains much less (nearly one-third), and lot No. 2 more, than they were described as containing when sold and conveyed.

While there is some slight conflict in the evidence, the court is of opinion, after a careful consideration of all the facts and circumstances disclosed by the record, that the alleged mistake is clearly proved; and that there has been no such delay in discovering the mistake, or bringing suit to remedy it, as deprives the appellants of the right to the relief sought.

The decree of the circuit court dismissing the appellants' bill

must, therefore, be reversed, and the cause remanded, with directions to the circuit court to require the appellee, Gregory, or one of its commissioners, to execute a proper deed releasing and conveying to the appellants all interest claimed by said Gregory, under his deed to lot No. 2, in lot No. 1, as described and bounded in plat "B," filed as an exhibit with the appellants' bill, and to perpetually enjoin him (Gregory) and his agents from trespassing upon or interfering with the appellants' possession of said lot.

*Reversed.*