## HUDDLESTON *v.* HUDDLESTON *et al.*

[95 South. 674.   No. 23061.]

APPEAL AND ERROR.  *Trial court may correct mistake in decree, where affirmed before discovery.*

> Where a court of equity renders a decree finding certain facts, and in entering the decree, by inadvertence and mistake, fails to decree to a party an interest which appears manifest from the facts found was a mistake; and where such error was not discovered until after appeal, affirmance, and remand, it has power to correct such error if it was mutual and not discovered before. The affirmance would not abridge such power as equity has independent jurisdiction of mistakes. *Brown* v. *Wesson,* 114 Miss. 216, 74 So. 831.

APPEAL from chancery court of Yazoo county.

HON. V. J. STRICKER, Chancellor.

Suit by Rafe Huddleston, by next friend, against T. J. Huddleston and others.  From a decree for defendants, plaintiff appeals.  Reversed and remanded.

*E. L. Brown* and *Wise & Bridgeforth,* for appellant.

*Campbell & Campbell* and *Clayton D. Potter,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

Rafe Huddleston, deceased, father of the appellant, in his lifetime was a partner of T. J. Huddleston, and they together owned jointly certain real estate and personal property. The said Rafe Huddleston being in bad health desired to arrange his business so that T. J. Huddleston could carry the business on, and with that in view consulted a lawyer about making a will conferring such power upon his brother and partner, T. J. Huddleston. He was advised that a will would not bind the wife of Rafe Hud-

dleston, but that the intention could be arranged by deeds and written agreements, but that the deeds would take effect at once instead of at the death of Rafe Huddleston. After consultation together, Rafe and T. J. Huddleston decided to make the deeds and contract, and the attorney was instructed to prepare and did prepare a deed from Rafe Huddleston to T. J. Huddleston, conveying Rafe Huddleston's one-half interest in the partnership property to T. J. Huddleston and a contract from T. J. Huddleston to Rafe Huddleston, agreeing to reconvey the property under conditions set forth in such instrument. These contracts were signed and acknowledged, but the proof was conflicting as to whether there was a legal delivery of the respective papers. After the death of Rafe Huddleston, T. J. Huddleston and Maggie Huddleston, wife of Rafe Huddleston and mother of the appellant, exchanged deeds; Maggie Huddleston conveying to T. J. Huddleston her interest in certain lands and taking a deed from T. J. Huddleston to certain lands to herself for life with remainder to the appellant, Rafe Huddleston, the minor. Thereafter the said suit was filed by Rafe Huddleston, by his mother and next friend, Maggie Huddesston, asserting his interest in fee to the lands in question. As above stated the testimony was conflicting as to whether the papers drawn between Rafe Huddleston, deceased, and T. J. Huddleston were delivered, and the chancellor found on this conflict that they were not delivered, and that the deed from Rafe Huddleston, deceased, to T. J. Huddleston was void and of no effect, but held that the deed passing between Maggie Huddleston and T. J. Huddleston after the death of Rafe Huddleston was valid as between them, but invalid as to the appellant and a decree was so entered and an appeal granted to settle the principles of the cause, partition being deferred until the appeal was settled.

On appeal, this court affirmed the case without a written opinion, proceeding evidently upon the idea that the chancellor's decree turned upon a mere conflict in evidence

on the facts of the case.   The decree then rendered as to some of the lands decreed to Rafe Huddleston only a remainder interest, denying his claim as to some of them in fee during the life of his mother.   When the case was remanded, a motion was made by the appellant to correct the decree so as to allow and adjudge to the appellant his one-fourth interest in such described lands, setting forth that the decree was rendered through inadvertence and mistake, and was not noticed by any of the parties or by the chancellor, and that the error was manifest in the decree. The court overruled a motion to correct, reciting in its decree overruling "and this court being of the opinion that it is without power to amend the said decree, even though the error complained of should be found to exist (a matter of which this court does not undertake to determine, involving as it does a review of the entire record of the cause)," etc., and granted an appeal here to settle the question of the power of the court as to said particular matter.

We are of the opinion, after consideration, that it is manifest from the finding of fact in the decree which was affirmed that there was a mistake in denying the appellant his interest in the property intended to be allowed him by the chancellor.   The chancellor found as a fact that the deed of Rafe Huddleston, deceased, to T. J. Huddleston was never delivered and was void, and that the subsequent deed between Maggie Huddleston and T. J. Huddleston did not affect the appellant's right.   This being true the appellant was entitled to a one-fourth interest in all of the lands held by Rafe Huddleston and T. J. Huddleston as partners, and that the court would have power to change the decree on motion, if such a mistake existed.

It was held in the case of *Brown* v. *Wesson,* 114 Miss. 216, 74 So. 831, that the chancery court had jurisdiction of a mistake, and that mistake was an independent jurisdiction of equity.   That being true and all the parties in interest being before the court, we see no reason why the court could not exercise jurisdiction upon motion, this

being a proceeding in equity and not a proceeding at law. Of course the mistake must be a mutual mistake, and if the court, on remand, finds the decree does not reflect the decision of the court, and it crept into the decree by a mistake on the part of all of the parties, it may enter a decree modifying the decree to the extent of the mistake.

*Reversed and remanded.*