## WISE BROS. v. REBECCA P. HYATT.

1. TAX-TITLE. *Disability to buy. Tenant in common. Guardian.*
   A tenant in common cannot purchase at tax sale for his own benefit the title of his co-tenant ; nor can a guardian buy at such sale the land of his wards to the defeat of their title.

2. CHANCERY COURT. *Relief less than that prayed for.*
   A complainant praying for general relief is entitled to any relief within the scope of the bill, and proper under the evidence, although less than that prayed for.

3. CHANCERY PRACTICE. *Reference to commissioners. Account.*
   If, after a cause has been set down for final hearing, the court finds that complainant is entitled to relief, though less than that prayed for, and that an account is necessary, requiring other evidence, calculations or the like, to ascertain the exact relief that should be given, the bill should not be dismissed, but the court, whether asked or not, should refer the cause to a commissioner to take the evidence and state the account.

FROM the chancery court of Yazoo county.

HON. H. C. CONN, Chancellor.

The land in controversy, lot 131 in Yazoo city, was part of the estate of L. L. Hyatt, who died in 1865. By his will he appointed his wife, the appellee, guardian of their four minor children, and devised the said lot to his wife and children, to be equally divided between them "share and share alike." In October, 1889, the children, being then of age, conveyed their undivided interests to appellee. Afterwards, in the same month, appellants, members of the firm of Wise Bros., purchased from appellee "lot 134 and all of lot 131, except a part thereof heretofore sold to Rachel Stearns," the part being a certain strip fifty feet in width, by seventy-five feet

in length.    The deed recited a consideration of $2425 and contained
a general warranty of the title.

Prior to the conveyance from said four children to their mother,
the appellee, two of them, R. W. Hyatt and C. L. Hyatt, had en-
gaged in business under the firm name of R. W. Hyatt & Co., and
in 1886 and 1887 eight or nine judgments, aggregating between
three and four hundred dollars, were rendered against them in the
city court of Yazoo city, and were duly entered in the office of the
circuit clerk.    In 1890, after the purchase by appellants, executions
were issued on said judgments and levied on the two-fifths interest
of R. W. and C. L. Hyatt in lot 131, and at the sheriff's sale ap-
pellants, to protect their title, bought the same, paying therefor the
sum of $251.

Appellants, Wise Bros., filed this bill against appellee, alleging
the foregoing facts, and seeking to recover from her the said sum
as money necessarily expended in removing an incumbrance from
the title.    Both in the allegations and prayer of the bill complain-
ants seem to have overlooked the fact that the sum for which re-
covery is asked was paid by them for two-fifths interest in all of lot
131, while their warranty-deed from appellee expressly excepted a
part of the lot.    There was also a prayer for general relief.

The answer of appellee does not deny the several transactions
above stated, but alleges that the purchase by appellants at execution
sale was not necessary to protect their title, because the judgments
were void, and because, before their rendition, she had acquired title
as against her children by adverse possession for more than ten years.
She also alleged that after levy of the executions and before the sale
she offered to appellants to enjoin the sale in their name but at her
expense, but that they refused.

To evidence her adverse holding of the lot, appellee exhibited
a deed to her from the state auditor for an undivided one-half
interest in lot 131, dated in June, 1877, and reciting a sale for
taxes in 1876, and she testified as to her claim of ownership after
the date of said purchase.

No evidence was introduced as to what proportion in size or value
the part of lot 131 excepted in the deed to appellants bore to the

whole lot, and therefore no data was furnished from which the court could ascertain what part of the amount paid in discharge of the judgment liens should be referred to the part embraced in the deed and covered by the warranty.

The main objections to the judgments, which it is contended by appellee render some of them void, are that in the returns on the summonses the officer signed his name without any words to show his official character, and because, in several of them, the name of plaintiffs in the judgment is not exactly the same as that given in the summons. But it is not deemed necessary to set out in detail the several objections, as they are not specifically noticed in the opinion.

From a decree dismissing the bill complainants appeal.

*W. S. Epperson,* for appellants.

1. I submit that the objections to the judgments are all untenable. *Christian* v. *O'Neal,* 46 Miss. 669 ; *Stampley* v. *King,* 51 Ib. 728 ; Code 1880, § 2285.

2. Appellee could not acquire a tax-title, and set it up adversely to her children, because she was a joint tenant, and because, being their guardian, it would be a breach of trust. *Hignite* v. *Hignite,* 66 Miss. 447 ; *Day* v. *Davis,* 64 Ib. 253 ; *McLaughlin* v. *Green,* 48 Ib. 209 ; *Harrison* v. *Harrison,* 56 Ib. 174.

Appellee had no right to file a bill in appellant's name to enjoin the sale and protect the title she had warranted. She should have done this in her own name. *Huntington* v. *Grantland,* 33 Miss. 453 ; *Paxton* v. *Valley Land Co.,* 67 Ib. 105.

3. The chancellor did wrong in dismissing the bill because there was no data on which an account could be stated between the parties. The allegation in the bill of the purchase by complainants of all of lot 131 was a mere oversight. If we are entitled to less relief than prayed for, it should be given. *Hodges* v. *Hickey,* 67 Miss. 715. The cause should have been referred to a master to state an account.

In further support of the contention that complainants were entitled to some relief, though different from that asked for, see

*Beard* v. *Green*, 51 Miss. 856 ; *R. R. Co.* v. *Ragsdale*, 54 Ib. 200 ; *Byrne* v. *Taylor*, 46 Ib. 95 ; *Mhoon* v. *Wilkerson*, 47 Ib. 636 ; *Winters* v. *Claitor*, 54 Ib. 341.

*Henry & Richardson*, for appellee.

1. The burden was on complainants to show the damage sustained by the failure of the warranty. This they failed to do, but seek to get from appellee $251, a part of which at least they paid for other land than that sold by appellee to them. Under the bill they could not have made the proof, since no allegations were made as to what part of the incumbrances rested on the part of the lot bought of defendant. They offered no guide by which the court could arrive at their damage. When the failure was observed complainants did not ask to amend their bill. Now, this court passes on the case as presented by the record.

2. We submit that the judgments were void. The mayor's court being an inferior tribunal, no presumptions can be indulged in favor of its judgments.

3. The proof makes a clear case of adverse possession, if such adverse possession can be set up by one co-tenant against another. We invoke the presumption in favor of the decree of the lower court as to this.

WOODS, C. J., delivered the opinion of the court.

1. If all the judgments against R. W. and C. L. Hyatt were absolutely void, there was not an outstanding, paramount lien on lot 131, and the purchase of the interest therein of R. W. and C. L. Hyatt by the appellants, at execution sale, conferred no title, and imposed no obligation upon appellee to reimburse appellants for the sum so expended in extinguishing such supposed lien. But an inspection of the record fails to satisfy us that the judgments were void. The various summonses were, apparently, properly executed by a competent officer. The fact that in one of the suits against R. W. and C. L. Hyatt, the summons was not served upon C. L. Hyatt, and that no judgment was entered against him, does not assist appellee's contention. While no interest of C. L. Hyatt was vendible under the execution issued on the particular judgment,

still the interest of R. W. Hyatt was properly sold thereunder, and that interest was acquired by appellants. But, generally, we repeat, the judgments were not void, and appellants' contention on this point is not well taken.

2. In 1865, under the will of L. L. Hyatt, appellee and her four children, became tenants in common of the lot 131. We must presume from the evidence before us that these children were minors, and that appellee was their guardian. Without any change of this trust relationship, and without any change in the estate in common in said lot, appellee acquired a tax-title to an undivided half interest in the lot, and now claims title to the entire lot by possession of ten years. She cannot be permitted to do this on two grounds, viz: (1) She was tenant in common at the time of her purchase from the state, and her purchase cannot be asserted adversely to the rights of her co-tenants. (2) She stood in the relation of guardian to minor wards at the time of her purchase (as we must presume), and she cannot be permitted thus to destroy the estate of her infant wards. It is to be borne in mind, that any ratification and assent to this purchase of the tax-title by the co-tenants was made about twelve years after the purchase, and after the rendition of the judgments, above referred to, against R. W. and C. L. Hyatt.

3. While the bill, on its face, charged a sale of the whole of lot 131 by appellee to appellants, the exhibit filed with the bill, the conveyance itself, disclosed that only the portion of lot 131 was sold and conveyed which the answer of appellee avers was sold and conveyed. The complainants were entitled to any less relief than the particular relief prayed, if the evidence justified.

The better practice is to set the cause down for hearing to the end that the legal principles involved may be first settled by the court. When this has been done, and favorably to complainant, but the court for want of evidence, or because arithmetical or other calculations, necessary to stating an account, are required before the court can say precisely what relief shall be granted, then the court should, whether asked or not, refer the matter to a com-

missioner to take the needed evidence and state the account showing the exact condition of the parties.

On the case as presented, the complainants were entitled to some relief, and the unconditional dismissal of their bill was error.

*Reserved and remanded.*