DEWITT C. MARTIN ET AL. *v.* H. S. GILLEYLEN ET AL.

LIMITATION. *Partition. Bill of review. Code* 1880, §§ 2568, 2681, 2693.

> Section 2693, code 1880, denying any action to recover property sold under
> a chancery decree, after two years from date of possession taken by
> the purchaser, will not debar a minor interested in lands sold in parti-
> tion proceeding from filing a bill of review at any time within two
> years after coming of age. Code 1880, §§ 2568, 2681. Partition pro-
> ceedings are governed by an independent chapter of the code, to which
> the general provision in said § 2693 has no application.

FROM the chancery court of Monroe county.

WILEY H. CLIFTON, ESQ., a member of the bar, presided as
special chancellor by agreement of the parties. HON. BAXTER
McFARLAND, chancellor, having been of counsel, was dis-
qualified.

On September 12, 1882, under a decree in a partition pro-
ceeding in the chancery court of Monroe county, certain
land, in which the appellants were tenants in common, was
sold for a division of proceeds. The sale was reported to
the court, and approved March 12, 1883. At the sale the
appellee, H. S. Gilleylen, who was complainant in the parti-
tion suit, purchased the land. On August 27, 1890, the bill
in this case was filed by appellants to review the proceedings
and decree in said partition suit. One of the complainants
had just come of age, and the other was still a minor at the
time of filing the bill of review. They alleged various errors
in said original proceedings. A demurrer to the bill was
overruled, and the defendants answered, setting up, among
other things, the statute of limitations of two years, under
§ 2693, code 1880. Afterwards, by agreement, the cause was
submitted for trial, in vacation, on pleadings and evidence
before W. H. Clifton, Esq., a member of the bar, who was
selected as special chancellor, the Hon. Baxter McFarland,
chancellor, being disqualified, having been of counsel. After

the cause had been argued, and before decree, the solicitors for complainant made a motion to remand it to rules, in order to take further testimony, and, in support of this motion, filed affidavits setting out certain newly-discovered evidence alleged to be important. The special chancellor overruled this motion, reciting in the order that he was of opinion that complainants were barred by the statute of limitations of two years, above mentioned, and for this cause alone the motion was overruled. Thereupon a final decree was rendered dismissing the bill and taxing complainants with costs, from which this appeal was taken. The record shows that one of the appellants was summoned by publication in the original proceedings.

*E. H. Bristow* and *Mayes & Harris*, for appellants,

Each filed a brief, in the main relying upon the same authorities, as to the question decided by the court making the following points :

1. Section 2693, code 1880, refers alone to original proceedings, and·is not applicable to this case. Section 2681 applies. This, being a bill of review, is not an original proceeding, but is a continuation of the old cause. Story's Eq. Pl., § 403; 2 Daniell's Ch. Pl. & Pr., p. 626; *McLemore* v. *Railroad Co.*, 58 Miss., 514; *Vaughn* v. *Hudson*, 59 *Ib.*, 421.

In all cases where § 2693 of the code has been applied, the action was original. See 52 Miss., 118; 53 *Ib.*, 665; 54 *Ib.*, 289; 56 *Ib.*, 10; 61 *Ib.*, 504; 65 *Ib.*, 288; 66 *Ib.*, 399.

There are four sections of the code of 1880 to be considered, namely, §§ 2681, 2682, 2693, 1955. These must be construed *in pari materia* as one statute to carry out the intent of the legislature. 6 Ind., 354; 10 Ohio, 173; 14 B. Mon. (Ky.), 266; 20 Texas, 355; 14 La. Ann., 113; 30 Cal., 427; Sedgwick on Stat. Con., 209, 212.

Our construction does not make § 1955 an exception to § 2693, and we submit that it is consonant with the policy of courts of chancery in making decrees affecting the rights of

infants, and with our legislation in saving their rights for a short period after majority.

*Gilleylen & Leftwich*, for appellees.

Appellants are barred by § 2693, code 1880, which cures all defects before or after the decree, unless suit be brought within the time limited. *Morgan* v. *Hazlehurst Lodge*, 53 Miss., 665.

This is in accordance with decisions in other states having similar statutes. 9 Cush. (Mass.), 223; 13 Ind., 105; 13 Wis., 245; 28 Iowa, 188.

The statute applies, though the court was without authority to appoint the guardian who made a sale (54 Miss., 289; 61 *Ib.*, 504); and so, where the defendant had no notice (56 *Ib.*, 10); and where the sale is made in disregard of the constitution (66 *Ib.*, 399).

The case comes clearly within the provisions of § 2693. The purchase-money was paid in good faith, and possession of the property taken by the purchaser. The case illustrates the beneficial character of the statute. Defendant· had been in possession for years, and had made valuable improvements.

There is no authority for the proposition that § 1955, code 1880, is applicable.

The case of *McLemore* v. *Railroad Co.*, 58 Miss., 514, was decided on facts existing prior to the statute on this point. See *Morton* v. *Carroll*, 68 Miss., 699.

While the case was held to be barred by § 2693 of the code, yet we submit with confidence that, apart from this, the decree is correct.

WOODS, J., delivered the opinion of the court.

Bills for partition, at common law, were of infrequent occurrence, and applicable only in a solitary case—in proceedings for division of lands held in coparcenary. Under our laws, partition of lands held by joint-tenants, tenants in common and coparceners having an estate in possession,

and not in reversion or remainder, whether the joint interest be in the freehold or in a term of years not less than five, may be made by a decree of the chancery court. Adults, minors and persons *non compotes mentis* may all be parties complainants or respondents, and the title as well as right of possession may be adjudicated and finally determined between them in the partition proceedings. It has become a favored method in our system of jurisprudence of conveying and fixing title in the endless and constantly recurring instances of landed estates held in common. Vast proportions of the real estate in our borders are held under titles declared in partition proceedings. The design of our legislation has been to enlarge the scope of the operation, and amplify and simplify the means of the application, and to dignify and make effective the results attained in all partition proceedings. The subject is segregated from and lifted out of our general act in relation to chancery courts, chapter 59, code 1880, and is given an independent and distinct position in chapter 71. The proceeding has its own separate and clearly-defined rules and regulations, apart from and disconnected with the general chancery law of the state. From first to last, from the filing of the bill to the recordation of the final decree, we shall find a complete system of procedure, and to this we must turn for the proper determination of the controlling question presented in the present appeal. And that question goes to the action of the learned special chancellor in dismissing complainants' bill of review, because—as is stated in another ruling below, contained in the record — of the bar to a recovery supposed to be found in § 2693, which declares that no action shall be brought to recover any property hereafter sold by order of a chancery court, where the sale is in good faith, and the purchase-money paid, unless brought within two years after possession taken by the purchaser under such sale of such property. This is part of the general law of the limitation of actions, and is not of force in partition proceedings.

In § 2568, code 1880, will be found the independent, separate and controlling law applicable in the case at bar—a law fixing and determining the force and effect of final decrees in partition proceedings, and binding alike on all parties, adults, minors and persons of unsound mind, and providing the only limitation upon its operation. "The final decree of the chancery court in such case shall ascertain and settle the rights of the parties, and shall constitute an instrument of evidence in all questions as to the title of the lands, which may be the subject of such decree, in all courts, and shall be conclusive as to the rights of all parties to such suit, subject to the provisions of this act, and subject to appeals and bills of review, as in other suits in the chancery court." The decree complained of is conclusive, subject to appeal and bill of review, as in other suits in the chancery court.

One of the complainants is yet a minor, and the other has only just attained her majority. They have not appealed from the original decree, but have filed their bill of review within the time prescribed by the general law for taking bills of review in the chancery courts. Under the general law, § 2681, code 1880, the law applicable to other suits in the chancery court, "bills of review in chancery shall be filed within two years next after the date of the final decree in the cause, and not after; saving to persons under any disability, as hereinbefore mentioned [§ 2677], the like period of two years after the removal of such disability."

The appellants were entitled to an ordinary bill of review, and the action of the court in dismissing their bill outright was erroneous. They should be required to restrict their demand for relief to such as may be afforded them under the ordinary bill of review in chancery. One of the complainants is still a minor, and the other has just reached her majority, and the court, as the guardian of the minor's interests, should have treated the bill as the ordinary one for review, and heard and determined the case in that aspect of the rights of the parties. Though mistaken as to the precise

character of the bill proper to be exhibited, and as to the measure of their rights, they should not have been bundled out of court neck and heels.

*Reversed, and remanded for further proceedings in accordance with this opinion.*