MEMPHIS STONE & GRAVEL CO. ET AL. *v*. ARCHER.

[82 South. 315, Division A. No. 20788.]

1. PARTITION. *Purchaser by next friend. Validity.*
   It is the duty of a next friend to protect and enforce the rights of his ward throughout a partition suit, not only in the proceedings leading up to the sale, but also to prevent confirmation of the sale if made in violation of his ward's rights or to her prejudice.

2. SAME.
   Where a grandfather was the next friend of his seven-year old grandchild in a partition suit, bought the land at a commissioner's sale at a price which was then its reasonable value, the sale was not void but voidable at the minor's election within the time allotted to infants to exercise such right, and neither the grandfather nor those claiming under him with notice will be heard to say that he did not know that good title would not be obtained by such purchase. In such case Code 1906, section 3122 (Hemingway's Code, section 2486), has no application.

3. SAME.
   The rule of equity which prohibits purchases by parties placed in a situation of trust or confidence with reference to the subject of purchase is not confined to trustees or others who hold the legal title to the property to be sold; nor is it confined to a particular class of persons such as guardians, trustees or solicitors, but it is a rule which applies universally to all who come within its principle; which principle is that no party can be permitted to purchase an interest in property and hold it for his own benefit, where he has a duty to perform in relation to such property which is inconsistent with the character of a purchaser on his own account and for his individual use.

4. INFANTS. *Decree procured by minor. Binding effect.*
   A decree procured by a minor complainant in his own favor when suing by next friend, is as binding upon him as it would be if he were an adult, provided the next friend acts in good faith.

5. VENDOR AND PURCHASER. *Partition. Sale. Defective title. Notice.*
   Where a grandfather while acting as next friend for his grandchild in a partition suit, bought the land at the commissioner's sale thereof, the defect in his title to the land being apparent on the record, all persons claiming under him are charged with notice of such defect.

Appeal from the chancery court of Tishomingo county.

Hon. A. J. McIntyre, Chancellor.

Suit by Johnnie Archer against the Memphis Stone & Gravel Company. From a decree for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

Smith, C. J., delivered the opinion of the court.

This is an appeal from a decree ordering the sale of certain land for a partition and an accounting by the appellant to the appellee for the use thereof. In 1902, J. H. Archer died leaving the appellee, who was then about four years old, as his sole heir at law. The only estate left by him was an undivided one-third interest in the land here in controversy, which seems to have been unoccupied and yielded no revenue. The other two-third interest in the land was owned by J. L. Archer, the father of J. H. Archer, and by Jas. M. Archer, his brother. J. H. Archer incurred during his last illness a debt of one hundred and forty-three dollars for drugs and medical attention, and his burial expense amounted to twenty-five dollars making a total of one hundred and sixty-eight dollars for the payment of which he left only his interest in the land here in controversy. These accounts were paid by J. L. Archer, after obtaining a deduction therefrom of fifty dollars. The appellee was taken into the home of her grandfather, J. L. Archer, who supported her thereafter until his death, which occurred some years later. In 1905, the appellee then being about seven years old, a petition was filed in the court below by J. L. and Jas. M. Archer and the appellee, who sued by her next friend, J. L. Archer, alleging in substance the foregoing facts, and that the land was worth not exceeding six hundred dollars, could not be equitably divided in kind, and that a sale of the appellee's interest therein was necessary in order to obtain funds for her

support, and prayed that a commissioner be appointed for that purpose. The prayer of this petition was granted, the commissioner appointed, and a sale which was made pursuant to the decree was reported to and confirmed by the court. The purchaser at this sale was J. L. Archer, the appellee's grandfather by whom she joined in the petition for the sale of the land as her next friend. The price paid was one hundred and eighty-seven dollars. The decree confirming the sale recited:

"It further appearing to the court that the price bid and paid on said land was adequate and no objection being filed it is ordered by the clerk that the said commissioner be and he is hereby directed to make a deed of conveyance to the said purchaser of said land.

"And it further appearing to the court that the custody, maintenance, and support of the said minor—— Archer devolves upon its parental grandparent, J. L. Archer, and that the proceeds of the sale of said land the share of said minor is less than two hundred dollars, and it further appearing to the court that the said J. L. Archer is a proper and discreet person for the receipt of said minor's money:

"It is ordered and adjudged and decreed by the court that the said P. W. Patterson, after first paying all court costs, fees, and commissions incurred in this behalf to pay the remainder thereof to the said J. L. Archer and on filing of this receipt for the same with the papers in this cause."

The appellant now claims the land through mesne conveyances to its grantor from J. L. and Jas. M. Archer. The land has increased very much in value since the sale of the appellee's interest therein, because of the discovery of Mercantable gravel thereon; the appellant being engaged in removing and selling the same.

In November, 1917, the appellee, who was then twenty years old and whose disabilities of minority had just been removed, exhibited her bill against the appellant, alleging in substance the foregoing facts, and, in addition to other things not necessary to be set forth, as they have no bearing on the point on which our decision will turn, in substance that the purchase of the land at the commissioner's sale by J. L. Archer, who was her next friend in the petition praying for the sale thereof, was void, praying that she be decreed to be the owner of a one-third interest in the land, that it be sold for a partition, and that the appellant be held to account to her for the use thereof and for the gravel removed therefrom.

It appears from the evidence, and is conceded by counsel for the appellee, that the price paid by J. L. Archer for the land at the commissioner's sale was its then reasonable value. When the cause came on to be heard, a decree was rendered adjudging the appellee to be the owner of a one-third interest in the land and to be entitled to an accounting from the appellant, directing the land to be sold for a partition, and allowing this appeal to settle the principles of the case before the appointment of a commissioner to make the sale and of a master to state the account.

It is the duty of a next friend to protect and enforce the rights of his ward throughout the lawsuit, and in the case at bar it was the duty of J. L. Archer, in the proceeding in which the appellee's interest in the land was sold to protect the rights of the appellee, not only in the proceedings leading up to the sale, but also to prevent, if possible, the confirmation of the sale, when made, if any of the complainant's rights were violated to her prejudice in the making thereof. *Ponder* v. *Martin*, 80 So. 388. Consequently, he should not have purchased the land himself, for his interest therein then became antagonistic to that of his ward, and, while the

sale to him was not for that reason void, it was void-able at the appellee's election; the right so to elect to be exercised by her within the time allowed to infants in which to exercise such a right in similar cases. 24. Cyc., 29. To permit a next friend to procure an order for the sale of his ward's land and then purchase it at the sale for himself without the ward's understanding and appreciating, if in fact he was aware of, what was being done, would violate one of the most elementary principles of equity, viz., a fiduciary will not be per-mitted any inducement to neglect the interest of his *cestui que trust,* unless the *cestui que trust* consents there-to, and this the appellee because of her minority could not have done. *Brandau* v. *Greer,* 95 Miss. 100, 48 So. 519, 21 Ann. Cas. 1118.

"The rule of equity which prohibits purchases by parties placed in a situation of trust or confidence with reference to the subject of purchase is not . . . confined to trustees or others who hold the legal title to the property to be sold; nor is it confined to a particular class of persons, such as guardians, trustees, or solici-tors. But it is a rule which applies universally to all who come within is principle; which principle is that no party can be permitted to purchase an interest in property and hold it for his own benefit, where he has a duty to perform in relation to such property which is inconsistent with the character of a purchaser on his own account and for his individual use." *Van Epps* v. *Van Epps,* 9 Paige (N. Y.) 241.

A decree procured by a minor complainant in his own favor when suing by a next friend is as binding upon him as it would be if he were an adult, provided the next friend acts in good faith. *John* v. *Harper,* 61 Miss. 142. But that essential element in the conduct of the next friend must be here held to have been lack-ing, for J. L. Archer knew, or should have known, that

he had no right to purchase the land for himself, and that the sale to him was voidable at the appellee's election, so that neither he nor those claiming through him with notice will be heard to say that he bought the land and obtained the order affirming his purchase in good faith; that is, that he did not know that he would not thereby obtain a good title to the land.

For the same reason, section 3122, Code of 1906 (section 2486, 1 Hemingway's Code), invoked by the appellant, has no application here.

The defect in J. L. Archer's title to the land being apparent on the record thereof, all persons claiming through him are charged with notice of it.

*Affirmed and remanded.*