## MITCHELL et al. v. THOMPSON et al.
### (No. 929—4714.)

Commission of Appeals of Texas, Section A. April 6, 1927.

**1. Infants ⊜⇒84—Next friend of minors suing on their behalf cannot purchase property at judicial sale in suit (Rev. St. 1925, arts. 1994, 4205).**

The next friend of minors suing on their behalf cannot purchase the minors' property at judicial sale in the suit, under Rev. St. 1925, art. 1994, providing for powers, rights, and duties of a next friend conforming to those of a guardian, and Rev. St. 1925, art. 4205, providing that guardian shall not purchase any of the estate sold by him.

**2. Guardian and ward ⊜⇒99—Courts cannot make effective guardian's sale of ward's property to himself.**

Courts are without power to make effective a sale by the guardian, in his fiduciary capacity, of his ward's property to himself.

**3. Infants ⊜⇒84—Courts are powerless to make effective next friend's sale to himself of minor's property, where relationship is that of guardian and ward.**

Courts are without power to make effectual sale to himself by the next friend of a minor involved in suit being prosecuted by him, where

the relationship of guardian and ward obtains between the next friend and the minor.

**4. Infants ⊜⇒84—Grantees of father, purchasing minor children's property at judicial sale, in suit by him as next friend, held not innocent purchasers.**

Grantees of father, who purchased land of his minor children in partition suit, which, the judgment showed, was prosecuted by him as next friend, could not claim as innocent purchasers for value, but were charged with notice that the sale was voidable.

Error to Court of Civil Appeals of Tenth Supreme Judicial District.

Trespass to try title by Mrs. Helen Mitchell and others against D. C. Thompson and others. Judgment for defendants was affirmed by the Court of Civil Appeals (286 S. W. 642), and plaintiffs bring error. Judgments of the district court and Court of Civil Appeals both reversed and cause remanded to the district court.

Phillips, Trammell & Chizum and Evan S. McCord, all of Fort Worth, for plaintiffs in error.

Walker & Baker, and W. R. Walker, all of Cleburne, and Locke & Locke and Ralph Randolph, all of Dallas, for defendants in error.

BISHOP, J. This is a suit by plaintiffs in error in trespass to try title to recover about 108 acres of land situated in Johnson county, Tex.

In 1907 suit was instituted by D. C. Thompson, father of these plaintiffs in error, who were then minors, as next friend, to partition the land involved in this suit, and in 1908 an agreed judgment was rendered and entered in the partition suit vesting title in one of the defendants named therein to 22 acres of this land, and ordering a sale of the balance of said land, amounting to 86 acres, to said D. C. Thompson, on his executing and delivering vendor's lien notes to the commissioner, appointed by the court to execute deed to Thompson payable to plaintiffs in error and other defendants in said partition suit. The order provided that notes be executed for two-thirds of the consideration for said sale payable to plaintiffs in error, and for one-third of the consideration payable to the other said defendants. The effect of the judgment in the partition suit was to vest title to the 86 acres of land in these plaintiffs in error and the defendants therein to whom the vendor's lien notes were made payable.

The plaintiffs in error own an undivided interest in this 86 acres, unless the sale, made by the commissioner under the order of the court in said partition suit, conveyed their title to D. C. Thompson. On trial, the district court instructed verdict against them and rendered and entered judgment thereon,

and the Court of Civil Appeals affirmed the judgment. 286 S. W. 642.

[1, 2] The powers, rights, and duties of one suing as next friend for and in behalf of minors are by statute made to conform to those of a guardian. Article 1994, R. C. S. 1925. The relation of the next friend to minors in regard to their property involved in the suit is the same as that of a guardian to a ward, and it was the purpose and intention of the Legislature to provide that the next friend should be governed in his conduct and management of the property rights of minors, whose relation to him is the same as that of wards to a guardian, by the same rules of law as obtain in guardianship proceedings. While the guardianship relation exists, the statute prohibits purchases by the guardian of his ward's property. Article 4205, R. C. S. 1925. The courts are without power to make effective a sale by the guardian in his fiduciary capacity, of the property belonging to the ward to himself.

[3] While the same relation exists between the next friend and the minor in regard to the property of the latter involved in the suit being prosecuted by him, the courts are also without power to make effectual a sale to him of the property. He cannot make use of the courts to acquire an individual interest in the property. To permit him to purchase the property of the minor whom he represents would be to allow his interest to become antagonistic to the minor's interest, and this it is the policy of the law to forbid. For this reason, it has been held that a next friend cannot purchase the minor's property, or property in which the minor is interested, at a sale ordered in the action or proceedings in which he represents the minor. 31 C. J. p. 1144; McLaughlin v. Morris, 150 Ark. 347, 234 S. W. 259; Memphis Stone & Gravel Co. v. Archer, 120 Miss. 453, 82 So. 315. Had D. C. Thompson been the duly qualified and acting guardian of plaintiffs in error, and had he instituted and prosecuted the partition suit as such guardian, the sale made to him through the commissioner, would, in contemplation of article 4205, have been a sale made by him to himself, and for this reason prohibited. Under the provisions of the next friend statute, he was constituted guardian of the plaintiffs in error with restricted powers, and the sale made in the suit prosecuted by him was in law his sale.

[4] The judgment in the partition suit recites that, at the time of the sale to D. C. Thompson of the 86 acres of land, he was prosecuting the suit as next friend of these plaintiffs in error, and the defendants in error claiming title under him were charged with notice that the sale to him was voidable at the election of the plaintiffs in error, and cannot claim to be innocent purchasers for value.

The district court erred in directing verdict, and we recommend that the judgments of both courts be reversed and the cause remanded to the district court.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and cause remanded to the district court. We approve the holding of the Commission of Appeals on the questions discussed in its opinion.