## LIDDELL *v.* STRONG.

(Division A.   Nov. 14, 1938.   Suggestion of Error Overruled Jan. 9, 1939.)

[184 So. 432.   No. 33384.]

**E. M. Livingston** and **Hathorn & Davis,** all of Louisville, for appellant.

W. A. Strong, Jr., of Louisville, for appellee.

**Rodgers & Prisock,** of Louisville, for appellee.

**Griffith, J.,** delivered the opinion of the court.

On May 10, 1930, appellant was the cashier of the Louisville Home Bank, and so continued until the bank closed its doors on January 6, 1931. Appellant was also the guardian of the Sullivan children, and had in his hands, as guardian, the sum of $3500 not presently needed. On a proper petition by him as guardian, he was authorized by the chancellor, on the date first aforesaid, to deposit the sum in said bank at four per cent interest, which was at once done. The subsequent developments, and certainly along about the fall of 1930, were such, according to the evidence, as to sufficiently warn appellant, as a diligent and prudent trustee, that the condition of the bank was such as to gravely endanger the said deposit; but he did nothing about it, and allowed the funds to remain until the final collapse of the bank as aforesaid.

The bank in liquidation subsequently paid about forty-two per cent to depositors, including these wards. The court removed appellant as guardian, and the successor guardian, by a proper proceeding, obtained a decree against appellant for the balance of the funds, on the ground that appellant had been negligent in allowing the estate of wards to be partially lost, from which decree this appeal has been prosecuted.

In addition to the chief argument that the evidence was not sufficient to support the finding by the court upon the issue of the endangered condition of the bank and of the trustee's knowledge of such condition, which argument, as we think, is not maintainable under this record, appellant presents, as an excuse for his silence and inaction, the assumption that he would have had to make application to the chancellor to withdraw the deposit from the bank, and that had he done so, this fact would have become known to the public as an evidence that the cashier was not willing to risk his own bank, and would have immediately precipitated its ruin, at a time while he and the directors were still hopeful and expectant that its difficulties could and would be met; and that thereby he would have been guilty of an even greater wrong than by taking the course he did.

The argument for appellant presents also for consideration that while he was guardian for these children, he was also at the same time, in his position as cashier, a trustee for every other depositor in his bank, with no more right to make a withdrawal to save these wards than he would to save any other depositor, and that to attempt to withdraw for all would mean an instant collapse as to all, with no probability that any of them would eventually receive any more than has been received by them under the course which he took.

The difficult and embarrassing position in which appellant found himself in the gloom of the dark days then lowering upon the country excites a natural sympathy, but it must be repeated, as has in one form or another

so often heretofore been declared, that the wards in a guardianship come first—a guardian can have no divided interest. Brandau v. Greer, 95 Miss. 100, 48 So. 519, 21 Ann. Cas. 1118; Heard v. Daniel, 26 Miss. 451, 452, 455; 28 C. J. 1154. Whenever a guardian finds himself so situated that, because of an adverse interest, either personally or as a trustee or agent for others, he cannot in vital particulars give undivided allegiance to his wards, his proper course is forthwith to resign his guardianship, turning over to his successor all the wards' estate, and furnishing at the same time to his successor all the material information which he has which bears upon the safety and preservation of that estate. Failing to take that course, he must be held to all the foreseeable proximate consequences of such failure.

Affirmed.