KITTRELL *et al. v.* O'FLYNN.

(In Banc. January 26, 1948.)

[33 So. (2d) 628. No. 36655.]

Welch, Cooper & Welch, of Laurel, **Stone Wells** and **Irwin W. Coleman**, both of Jackson, and **Archie D. Gray**, of Houston, Tex., for appellants.

**Collins & Collins**, of Laurel, for appellee.

Argued orally by **W. S. Welch**, for appellants.

**Griffith, J.,** delivered the opinion of the court.

Claiming to be the owner as a tenant in common of an undivided one-sixteenth interest in the land described in his bill, appellee, on June 25, 1945, began his suit for a partition. Appellants answered and set up the fact that appellee's interest had already been sold under a previous partition proceeding, wherein the sale had been confirmed on November 3, 1924, and that this former decree had become conclusive and final as to appellee under Section 977, Code 1942, the further fact being that appellee was approximately twenty-nine years old when he instituted the present suit.

The cited section reads as follows: ''Section 977. Final decree and decree of confirmation.—The final decree of the chancery court in partition proceedings shall ascertain and settle the rights of all parties; and it, and the decree confirming the partition, shall constitute an instrument of evidence in all questions as to the title of the lands which may be the subject of the decree, in all courts, and shall be conclusive as to the rights of all parties to the suit, and subject to appeals and bills of review, as in other suits, and to a repartition as provided.''

By the express language of that statute the final decree and the decree confirming the partition is conclusive against all parties save as to appeals, bills of review and a repartition. It was definitely so held in Martin v. Gilleylen, 70 Miss. 324, 328, 12 So. 254. That decision became in effect a part of the statute when it was reenacted in substantially the same language by Section 3536, Code 1906, and by its retention in all subsequent codes. Whatever else may be said of that statute, it must certainly be said and held that all questions which could be adequately raised by appeal or by a bill of review or by a repartition must be raised in the manner and within the time specified by the particular statute, else the statute would be practically stripped of any effective operation at all.

The repartition mentioned in the statute is that provided by Section 982, Code 1942, but this is limited to one year next after the first partition. No appeal was here taken, and appellee did not file a bill of review within two years next after he reached the age of twenty-one years. Section 752, Code 1942.

Appellee contends that the sale made in 1924 was void for the reason that the minor owners in the original partition, of whom appellee was one, were made parties complainant therein by their mother, as their next friend, and that she became and was the purchaser at the partition sale; and the sale being void for that reason, as appellee contends, he would not be barred except for the ten-year statute of adverse possession, which had not run its full course when he instituted the suit now before us.

We held in Memphis Stone & Gravel Co. v. Archer, 120 Miss. 453, 82 So. 315, that the purchase at a partition sale by a next friend made the sale voidable, but that the sale would not for that reason be void; which means, of course, that if the minor elects for the stated reason to avoid it and to enforce his election by any proceedings on the offensive, he must do so within the time allowed him to complain of any other error or irregularity appearing on the face of the record of the partition proceedings, which is within two years after attaining majority.

Appellee relies principally on Smith v. Strickland, 139 Miss. 1, 103 So. 782. What is now Section 977, Code 1942, was not one of those which the court there said had no application. The persons who were minors when the partition proceedings were had, were defendants in the Smith v. Strickland case and all that was necessary to have been said in it was "that the purpose of statutes of limitation is to bar actions and not to suppress or deny matters of defense whether legal or equitable; and it is a general rule that such statutes are not applicable to defenses but apply only where affirmative relief is sought." 34 Am. Jur., pp. 57, 58.

The sole and only attack here made on the first partition suit is that the next friend became the purchaser at the sale and this appears on the face of the record thereof. Any attack on that ground is, therefore, the subject matter of a bill of review, limited by said Section 977, Code 1942, to two years after the disability of minority has been removed. Compare Brown v. Wesson, 114 Miss. 216, 74 So. 831. We are not here concerned with, nor are we discussing or deciding, a case where under the broad principles of equity jurisprudence an attack may be made by an original general bill upon any decree or judgment whether in equity or in law, but we are dealing solely with a case, as is this case, wherein the attack is for that which is properly the subject matter of a bill of review,— whatever may be the name by which the pleading is called,—and we repeat that under the partition statute this must be done if done at all within the terms of the statute; and it was not done here.

Reversed, and decree here for appellants.