Box, et al. *v.* HOUSE, et al.

Division A. Oct. 1, 1951.

No. 38025 (54 So. (2d) 218)

Murray L. Williams, for appellants.

John P. Horan and J. W. T. Faulkner, for appellees.

**Ethridge, C.**

Appellants, Luther D. Box, T. B. Box, Mrs. Lottie Mae Box Dickey, and Mrs. Josie Lee Box Knight, brothers and sisters, and complainants in the court below, brought an action against Mrs. D. F. House, her husband, and three other persons, seeking to cancel four certain deeds executed by the appellants which conveyed to Mrs. D. F. House their respective one-fifth interests in certain lands which they inherited from their mother. ■■ ■ Since the chancery court sustained the appellees' plea in bar of the statute of limitations, and did not try the case on the merits, the averments of the bill of complaint must be taken for present purposes as admitted. Griffith, Miss. Chancery Practice (2d Ed. 1950) Sec. 341.

. The bill charged that the appellants' mother died intestate in January, 1936, the owner of certain lands in Calhoun County, and that on the date of her death, the ages of appellants ranged from sixteen to nine years; that appellee, Mrs. D. F. House, a half sister of appellants, moved into the home of appellants and on their lands which they had inherited from their mother under a pretense of caring for them, with the purpose of defrauding them of their property; that Mrs. House told appellants that the property was worthless, that it was not cultivatable land, that the minors were going to lose it for taxes, that there was no timber on it, and that unless they conveyed it to her it would have to sell for the taxes; that appellants were then minors and knew nothing about their property, and that Mrs. House well knew that the land had valuable timber on it and that it had a substantial worth; that Mrs. House and her husband beat, cursed and abused appellants, and as a result of these representations, threats, and treatment by the Houses appellants were finally prevailed upon to sell their interests in the land. The bill averred that Mrs. House, by force and threats, told appellants that when the lawyers and the court asked them if it was their wish to sell their lands "they had better instruct the lawyer and court that such was their desire, or they knew what they would get when they reached back home," and that appellants accordingly so instructed the lawyers and court when petitions for removal of their disabilities were heard. Separate petitions were filed for each of appellants to the chancery court for the removal of their disabilities of minority for the purpose of each appellant conveying his undivided one-fifth interest for $150. Mrs. House, at the time of these petitions, already owned a one-fifth interest which had previously been conveyed to her by the other heir of appellants' mother. (In two of these petitions Mrs. D. F. House appeared as next friend for the minor, and she was also joined by the adult half-sister of the minors, together with the minors, in signing

the petitions. The decrees partially removed the disabilities of minority of each of the then infants, appellants, for the purpose of the minor executing a deed to his one-fifth interest to Mrs. House, appellee, or to such other purchaser as might desire to purchase at the stated price.

The bill then charged that pursuant to the fraudulent scheme of Mrs. House and to the decrees removing their disabilities, which had been obtained by fraudulent misrepresentations to the attorneys and court and by coercion of appellants, the appellants executed the deeds to Mrs. House in 1940 and 1941. It prayed for the cancellation of the deeds, an accounting, and a partition. Appellees Newsom and Clements were alleged to be purchasers from Mrs. House of timber from the land, and appellee Rayford L. Box with having purchased from the Houses some of the land. A general demurrer of appellees to the bill was overruled. Appellees filed answers denying the averments of the bill. Appellees Newsom, Clements and Rayford L. Box pleaded further that they were innocent purchasers for value without notice. All of appellees pleaded in bar the one and the two year statutes of limitations hereinafter discussed. The bill was filed on March 10, 1949 and it was stipulated that on that date the three oldest appellants were, respectively, 28, 26 and 25 years of age. The court found that the youngest appellant was born in November, 1926, and thus she was about 22 years four months of age when the bill was filed. The court sustained the pleas of the statute of limitations, apparently considering the one-year statute applicable and dismissed the bill, from which decree this appeal is taken.

Miss. Code of 1942, Sec. 752, requires that bills of review shall be filed within two years after date of the final decree, saving to minors their period of disability. The present action is clearly not a bill of review and, therefore, this statute is not applicable. ▮▮ ▮ A bill of review is filed after the enrollment of a decree for some mistake appearing on the face of the papers in the

case, or for some fact arising subsequent to the original decision which would change the status of the parties' rights and which was not and could not be found and produced by the use of reasonable diligence before the decree in question was entered. Brown v. Wesson, 1917, 114 Miss. 216, 74 So. 831; Griffith, Miss. Chancery Practice (2d Ed. 1950), Sec. 635. As was held in Brown v. Wesson, supra, ▮▮ the present action is an original suit in equity and not a bill of review. Griffith, id., Sec. 644.

▮▮ Appellee Box also pleaded in bar Miss. Code of 1942, Sec. 745: ''An action shall not be brought to recover any property hereafter sold by order of a chan-' cery court, where the sale is in good faith and the purchase-money paid, unless brought within two years after possession taken by the purchaser under such sale of the property.'' However, under the allegations of the bill, Mrs. House was not a purchaser in good faith, so this statute is not applicable. Smith v. Strickland, 1925, 139 Miss. 1, 18-21, 103 So. 782; Dendy v. Commercial Bank & Trust Co., 1926, 143 Miss. 56, 108 So. 274.

The chancery court held that Code of 1942, Sec. 1388, barred this action. It provides: ''When a decree shall be made for the sale or conveyance of the real estate of an infant, such decree shall be binding on the infant unless he shall, within one year after attaining the age of twenty-one years, show to the court good cause to the contrary; and it shall not be necessary to insert the saving in the decree, but the saving shall not extend to decrees for the sale of the property of deceased persons, authorizing sales by guardians, or enforcing deeds of trust or mortgages.''

However, the history and purpose of this statute indicate that it is not applicable to the present suit. It was first passed in 1857. Code 1857, Ch. 62, Article 97, p. 555. At that time it had a three-year period together with the right in a party claiming under a decree to have process served on the quondam minor within six months after he becomes twenty-one years to show good cause

why the decree shall not be binding on him. In 1871, the period was reduced from three years to one year. Code 1871, Sec. 1265. See Code 1880, Sec. 1955. In the 1892 Code, the act was drafted in its present form. Code 1892, Sec. 596; Code 1906, Sec. 646; Hemingway's Code 1917, Sec. 408; Code 1930, Sec. 468.

The cases interpreting this statute hold that it was intended only as a saving to minors of the right to challenge a decree for any question affecting their interest which would be regarded as good cause, such as errors of fact, errors of law, and matters of judgment. ■■ It grants to an infant a special privilege of rehearing as to any matter and in any manner he could have raised originally. Lake v. Perry, 95 Miss., 1909, 550, 49 So. 569, cited by appellants did not consider the application of this act. An informative discussion of the statute is in Smith v. Strickland, 1925, 139 Miss. 1, 103 So. 782, 786, where a bill was brought to confirm title to lands formerly owned by a widow and her three minor children and conveyed by a partition decree. The widow and former minor children filed an answer denying the earlier partition deed was valid, and seeking to cancel it because the will under which they claimed restrained its alienation, and because the mother of the minors, their next friend, had bought the property at the sale, and had not paid the purchase price. The court held that the will gave no power to convey the property. More than one year had elapsed after the children were twenty-one years of age before their answer was filed. The complainants pleaded the one-year statute, now Code Sec. 1388. The Court held that this act did not bar the claims of the quondam minors:

"This section, above set out, cannot operate to bar in this case, because it has no reference to the right of an infant upon attaining majority or during infancy to defend his title to lands, where a voidable decree has been entered against him, and where a want of good faith has

been shown on the part of those who assume to act for him while he was under disability.

"Our construction of this section of the Code is that it was intended as a saving to a minor of his rights to have any decree rendered against him, subject to review within one year after attaining the age of 21 years, and to permit the minor to challenge under the decree any question affecting his interest which would be regarded as good cause. As, for instance, errors of fact as well as errors of law. The history of this statute is that it was enacted in order to prevent the necessity for inserting in decrees a saving clause granting to minors the right to have the decree reviewed within a given period after he was 21 years of age. The statute was intended as a shield to the minor, and not as a sword to prevent his attacking a fraud perpetrated upon him, legal though it may be, independent of the statute. * * *

"The statute itself and this construction of it show that it was intended as a rehearing statute, fixing a time after a minor reached majority when he could point out an error against him."

In Mayo v. Clancy, 1880, 57 Miss. 674, appellant had filed a bill to review the final settlement of the administratrix of his father's estate. The court dismissed the bill and said: "If the bill is considered as an original bill to set aside the decree allowing the final account, it cannot be maintained for two reasons: First, it was not brought during the minority of the appellant, or within the one year allowed by Code 1871, Sec. 1265, in which he could apply for a rehearing; second, being brought after the year, there is no allegation of fraud or collusion in obtaining the decree. Within the one year, he would have been allowed to attack the decree by merely alleging error in it, pointing it out, and offering to show it by evidence aliunde. After that time, he stood in exactly the same relation to the decree as if he had been an adult, except that in making out a charge of fraud and imposition in obtaining the decree, some

consideration would be given to the helplessness of the infant arising from his non-age and want of experience."

Inferentially the court said that if there had been a charge of fraud in the procurement, the one-year statute would not apply. This was later confirmed in Smith v. Strickland, supra. McLemore v. Chicago, S. L. & N. O. R. R. Co., 1880, 58 Miss. 514, points out that the statute is a substitute for the old chancery rule and practice to insert in decrees affecting the inheritance of infant parties a savings to them to attack the decree within six months after majority by showing good cause why the decree should be set aside. Its purpose is directed at errors of judgment and matters of fact and law. Judge Griffith says that the statute grants "the special privilege of a rehearing", and that when a quondam infant comes within the one-year period, "the original case will then stand, so far as he is concerned, as if no decree had ever been made, and it becomes the duty of the court to hear the cause as though it had not been heard before." Griffith, id., Sec. 647. In other words, if the infant brings his action within the one-year period, the court can consider all matters of judgment, fact and law just as if the decree had never been made. After the one-year period, the area of the court's inquiry is considerably narrowed. To the same effect is Dendy v. Commercial Bank & Trust Co., 1926, 143 Miss. 56, 108 So. 274. Kittrell v. O'Flynn, 1948, 203 Miss. 164, 33 So. (2d) 628, supports this construction of Smith v. Strickland and of the act.

██ █ Moreover, not only the purpose and history but also the terminology of the statute indicates its lack of application to an original bill to cancel a deed for fraud in the procurement. The statute states that "When a decree shall be made for the sale or conveyance of the real estate of an infant * * *" Although the decrees are links in the chain of alleged fraud, the present suit does not seek to cancel the decrees, but is brought to cancel the deeds executed by appellants after the decrees were made. The statute is specifically ap-

plicable to the validity of a "decree". The decrees in question simply authorized the minors to execute deeds, but did not require that to be done.

For these several reasons, we do not think that Sec. 1388 bars the present action. As was said in Smith v. Strickland, supra, the statute was not intended as a sword to prevent an infant from attacking a fraud perpetrated upon him.

Reversed and remanded.

PER CURIAM.

The above opinion is adopted as the opinion of the Court, and for the reasons therein indicated, the judgment of the court below is reversed and remanded.