WELCH, et al. *v.* PARKER, et al.

No. 42073          December 11, 1961          135 So. 2d 851

*James A. Burns,* Meridian; *Jack H. Young,* Jackson, for appellants.

*Nate S. Williamson, Gipson, Gipson & Wiley,* Meridian, for appellees.

ARRINGTON, J.

Appellants, Alexander Welch and others, brought this action in the Chancery Court of Lauderdale County, Mississippi, to cancel certain conveyances as clouds on their title. After complainants had offered their evidence, the court sustained a motion to dismiss the bill.

Alex Welch, the father of complainants, died intestate in 1912, leaving as his heirs his wife, Annie Welch, and three children, the complainants, two of whom were then three years and thirteen months of age, respectively, and one of whom was born after the father's death. These four heirs inherited the 120 acres of land involved. In September 1916, Annie Welch, individually and as next friend of her three children, filed a petition in chancery court alleging these facts, and that there was a mortgage on the property in the sum of $774.40, which she individually had paid, and was entitled to a lien against the land. Hence the petition prayed for a partition of the property by sale to reimburse her for the sum so expended.

In November 1916, the chancery court entered an order, after hearing evidence, which appointed a commissioner to sell the lands. Subsequently the commissioner reported the sale, and on December 9, 1916, the chancery court adjudicated proper notice of the sale, that the land brought a fair and reasonable price, and that Annie Welch was the highest bidder for $780.00. The court confirmed the sale to her.

In 1917, Annie Welch conveyed this property to W. L. Scott and J. E. Parker, and, after other mesne convey-

ances, this record chain of title vested in the defendants, appellees.

This suit to cancel those conveyances as clouds on complainants' title was filed on March 3, 1960. The youngest of the complainants reached his majority at the latest by 1934. Hence this action was not filed until 26 years after the youngest complainant became of age.

We have concluded that this action is barred by statutes of limitation. Mississippi Code 1942, Recompiled, Section 977, provides that a final decree in partition proceedings shall constitute an instrument of title "and shall be conclusive as to the rights of all parties to the suit, and subject to appeals and bills of review, as in other cases, and to a repartition as provided." Code Section 982 requires that repartition proceedings shall be brought at any time within one year after the first partition. However, since complainants were minors, they were required to bring such proceedings within one year after reaching their majority, and they did not do this.

Code Section 752 provides: "Bills of review in chancery shall be filed within two years next after the date of the final decree in the cause, and not after, saving to persons under disability of infancy or unsoundness of mind the like period of two years after the removal of their disability."

Appellants did not file a bill of review within two years after they reached the age of 21 years. Appellants attack the first partition proceedings, on the sole ground that their mother and next friend became the purchaser at the sale. This appears on the face of the record. Hence a bill of review would have been the proper way to attack the conveyance, which is voidable and not void, and under Code Sections 977 and 752 complainants would have had to bring their action within two years after their disabilities of minority had terminated. They did not do this. On the contrary, they waited

for at least 26 years after majority to bring this action. During this period of time all of the parties who participated in those proceedings, including their mother, the chancellor, and the commissioner, died. Defendants pleaded these statutes of limitation, and their effect is to bar complainants at this late date from bringing this suit. Moreover, the only evidence offered by complainants is testimony by two of them that they did not know until 1960 they had an interest in the property or any claims against the conveyances. Of course this is the type of situation to which statutes of limitation are intended to be applicable.

Appellants rely upon Memphis Stone and Gravel Co. v. Archer, 120 Miss. 453, 82 So. 315, and Smith v. Strickland, 139 Miss. 1, 103 So. 782. These cases were thoroughly considered and distinguished in the later decision of Kittrell v. O'Flynn, 203 Miss. 164, 33 So. 2d 628. In *Kittrell* the facts were almost identical with those in the instant case. The court held that the statutes of limitation discussed above, Code Sections 977 and 752, barred the suit there brought to set aside conveyances, following a partition sale to the mother and next friend of the minor owners; that the partition deed was a defect appearing on the face of the record, and that any attack on that ground was a subject matter of a bill of review, limited to two years after disabilities of minority had terminated, under Section 752.

Discussing the *Archer* and *Strickland* cases, the opinion in Kittrell v. O'Flynn said: "We held in Memphis Stone & Gravel Co. v. Archer, 120 Miss. 453, 82 So. 315, that the purchase at a partition sale by a next friend made the sale *voidable,* but that the sale would not for that reason be void; *which means, of course, that if the minor elects for the stated reason to avoid it and to enforce his election by any proceedings on the offensive, he must do so within the time allowed him to complain of any other error or irregularity appearing on the face*

*of the record of the partition proceedings, which is within two years after attaining majority.*

"Appellee relies principally on Smith v. Strickland, 139 Miss. 1, 103 So. 782. What is now Section 977, Code 1942, was not one of those which the court there said had no application. The persons who were minior when the partition proceedings were had, were defendants in the Smith v. Strickland case and all that was necessary to have been said in it was 'that the purpose of statutes of limitation is to bar actions and not to suppress or deny matters of defense whether legal or equitable; and it is a general rule that such statutes are not applicable to defenses *but apply only where affirmative relief is sought.'* 34 Am. Jur., pp. 57, 58." (Emphasis added)

Box v. House, 212 Miss. 154, 54 So. 2d 218 (1951), discussed the *Strickland* and *Kittrell* cases. There the youngest complainant filed the suit within less than two years after majority. That action was based upon fraud and coercion allegedly used in obtaining the minors' consent to a removal of their disabilities in a conveyance to their grandfather, that is, on matters not on the face of the record. The Court cited *Kittrell* as making the proper distinctions in application of the statutes of limitation. 212 Miss. at 163.

For the above-stated reasons, the decree of the chancery court dismissing appellants' bill of complaint is affirmed.

Affirmed.

*Lee, P. J.,* and *Kyle, Ethridge* and *Gillespie JJ.,* concur.